ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X
                                                     :

UNITED STATES OF AMERICA         :

    - v. -                        :

                                            :    **SUPERSEDING INDICTMENT**

LUDWIG CRISS ZELAYA ROMERO,      :
MARIO GUILLERMO MEJIA VARGAS,    :    S1 15 Cr. 174 (LGS)
JUAN MANUEL AVILA MEZA,          :
CARLOS JOSE ZAVALA VELASQUEZ,    :
VICTOR OSWALDO LOPEZ FLORES, and :
JORGE ALFREDO CRUZ CHAVEZ,      :

                     Defendants.  :

- - - - - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 29 2016

## OVERVIEW

    1.    From at least in or about 2004, up to and including in or about 2014, multiple drug-trafficking organizations in Honduras and elsewhere worked together, and with support from certain prominent public and private individuals, including law enforcement officials, to receive multi-hundred-kilogram loads of cocaine sent to Honduras from Venezuela and Colombia via air and maritime routes, and to transport the drugs westward in Honduras toward the border with Guatemala and eventually to the United States.

    2.    For protection from official interference, and in order to facilitate the safe passage through Honduras of multi-hundred-kilogram loads of cocaine, drug traffickers paid bribes

to public officials---including certain members of the *Pólicia National de Honduras* (the Honduran National Police)---for access to information about ongoing investigations, military and law enforcement checkpoints, and planned narcotics interdictions. The Honduran government recently declared an "emergency situation" with respect to the *Pólicia National de Honduras*, and established a Special Commission with authority to investigate corruption and dismiss or suspend members of the National Police, among other sanctions. As of the filing of this Superseding Indictment, the Special Commission has sanctioned several members of the *Pólicia National de Honduras*.

3.  LUDWIG CRISS ZELAYA ROMERO, MARIO GUILLERMO MEJIA VARGAS, JUAN MANUEL AVILA MEZA, CARLOS JOSE ZAVALA VELASQUEZ, VICTOR OSWALDO LOPEZ FLORES, and JORGE ALFREDO CRUZ CHAVEZ, the defendants, were members of the *Pólicia National de Honduras* who participated in and supported the drug-trafficking activities of, among others, Fabio Porfirio Lobo ("Lobo"), the son of former Honduran president Porfirio "Pepe" Lobo Sosa.

4.  For example, in or about early 2014, Lobo agreed to provide security and logistical support for the transportation through Honduras of a purported multi-ton load of cocaine that Lobo believed belonged to Mexico's Sinaloa Cartel and would be imported into the United States. Lobo agreed to

provide this assistance on the understanding that he would receive a financial stake in the cocaine worth over $1 million in profits.

      5.    As part of Lobo's agreement, in or about June 2014, Lobo introduced two purported Mexican drug traffickers, who were in fact confidential sources (the "CSes") acting at the direction of the Drug Enforcement Administration ("DEA"), to LUDWIG CRISS ZELAYA ROMERO, MARIO GUILLERMO MEJIA VARGAS, JUAN MANUEL AVILA MEZA, CARLOS JOSE ZAVALA VELASQUEZ, VICTOR OSWALDO LOPEZ FLORES, and JORGE ALFREDO CRUZ CHAVEZ, the defendants.

      6.    During a videotaped meeting, LUDWIG CRISS ZELAYA ROMERO, MARIO GUILLERMO MEJIA VARGAS, JUAN MANUEL AVILA MEZA, CARLOS JOSE ZAVALA VELASQUEZ, VICTOR OSWALDO LOPEZ FLORES, and JORGE ALFREDO CRUZ CHAVEZ, the defendants, displayed a map of Honduras to the CSes and illustrated law enforcement checkpoints and a planned route for the cocaine. The defendants each also agreed to accept a bribe in the amount of approximately $100,000, and to pay their subordinates a total of approximately $200,000 in additional bribes, in order to provide armed security for the cocaine as it transited Honduras before being imported into the United States.

## COUNT ONE

The Grand Jury charges:

7. From at least in or about 2004, up to and including in or about June 2014, in Honduras and elsewhere, and in an offense begun outside of the jurisdiction of any particular State or district of the United States and for which one of two or more joint offenders has been first brought to and arrested in the Southern District of New York, LUDWIG CRISS ZELAYA ROMERO, MARIO GUILLERMO MEJIA VARGAS, JUAN MANUEL AVILA MEZA, CARLOS JOSE ZAVALA VELASQUEZ, VICTOR OSWALDO LOPEZ FLORES, and JORGE ALFREDO CRUZ CHAVEZ, the defendants, whose point of entry into the United States will be in the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

8. It was a part and an object of the conspiracy that LUDWIG CRISS ZELAYA ROMERO, MARIO GUILLERMO MEJIA VARGAS, JUAN MANUEL AVILA MEZA, CARLOS JOSE ZAVALA VELASQUEZ, VICTOR OSWALDO LOPEZ FLORES, and JORGE ALFREDO CRUZ CHAVEZ, the defendants, and others known and unknown, would and did import into the United States and into the customs territory of the United States from a place outside thereof a controlled

substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

9. It was further a part and an object of the conspiracy that LUDWIG CRISS ZELAYA ROMERO, MARIO GUILLERMO MEJIA VARGAS, JUAN MANUEL AVILA MEZA, CARLOS JOSE ZAVALA VELASQUEZ, VICTOR OSWALDO LOPEZ FLORES, and JORGE ALFREDO CRUZ CHAVEZ, the defendants, and others known and unknown, would and did manufacture and distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

10. The controlled substance that LUDWIG CRISS ZELAYA ROMERO, MARIO GUILLERMO MEJIA VARGAS, JUAN MANUEL AVILA MEZA, CARLOS JOSE ZAVALA VELASQUEZ, VICTOR OSWALDO LOPEZ FLORES, and JORGE ALFREDO CRUZ CHAVEZ, the defendants, conspired to (i) import into the United States and into the customs territory of the United States from a place outside thereof, and (ii) manufacture and distribute, intending and knowing that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States from a place outside thereof, was five

kilograms and more of mixtures and substances containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Section 960(b)(1)(B).

(Title 21, United States Code, Sections 959(c) and 963; and Title 18, United States Code, Section 3238.)

## COUNT TWO

The Grand Jury further charges:

11. From at least in or about 2004, up to and including in or about June 2014, in Honduras and elsewhere, and in an offense begun outside of the jurisdiction of any particular State or district of the United States and for which one of two or more joint offenders has been first brought to and arrested in the Southern District of New York, LUDWIG CRISS ZELAYA ROMERO, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the narcotics-importation conspiracy charged in Count One of this Superseding Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, to wit, machineguns that were capable of automatically shooting more than one shot, without

manual reloading, by a single function of the trigger, as well as destructive devices.

(Title 18, United States Code,
Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and 2.)

### COUNT THREE

The Grand Jury further charges:

12. From at least in or about 2004, up to and including in or about June 2014, in Honduras and elsewhere, and in an offense begun outside of the jurisdiction of any particular State or district of the United States and for which one of two or more joint offenders has been first brought to and arrested in the Southern District of New York, LUDWIG CRISS ZELAYA ROMERO, MARIO GUILLERMO MEJIA VARGAS, JUAN MANUEL AVILA MEZA, CARLOS JOSE ZAVALA VELASQUEZ, VICTOR OSWALDO LOPEZ FLORES, and JORGE ALFREDO CRUZ CHAVEZ, the defendants, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate Title 18, United States Code, Section 924(c).

13. It was a part and an object of the conspiracy that LUDWIG CRISS ZELAYA ROMERO, MARIO GUILLERMO MEJIA VARGAS, JUAN MANUEL AVILA MEZA, CARLOS JOSE ZAVALA VELASQUEZ, VICTOR OSWALDO LOPEZ FLORES, and JORGE ALFREDO CRUZ CHAVEZ, the defendants, and others known and unknown, during and in relation

7

to a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, the narcotics importation conspiracy charged in Count One of this Superseding Indictment, would and did use and carry firearms, and, in furtherance of such drug trafficking crime, possess firearms, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i).

(Title 18, United States Code, Sections 924(o) and 3238.)

## FORFEITURE ALLEGATION

(As to Count One)

14. As a result of committing the controlled substance offense charged in Count One of this Superseding Indictment, LUDWIG CRISS ZELAYA ROMERO, MARIO GUILLERMO MEJIA VARGAS, JUAN MANUEL AVILA MEZA, CARLOS JOSE ZAVALA VELASQUEZ, VICTOR OSWALDO LOPEZ FLORES, and JORGE ALFREDO CRUZ CHAVEZ, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of the offense, and any and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the offense charged in Count One of this Superseding Indictment.

## FORFEITURE ALLEGATION

(As to Counts Two and Three)

15. As a result of committing the firearms offenses charged in Counts Two and Three of this Superseding Indictment, LUDWIG CRISS ZELAYA ROMERO, MARIO GUILLERMO MEJIA VARGAS, JUAN MANUEL AVILA MEZA, CARLOS JOSE ZAVALA VELASQUEZ, VICTOR OSWALDO LOPEZ FLORES, and JORGE ALFREDO CRUZ CHAVEZ, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all firearms and ammunition involved in and used in the commission of the offenses charged in Counts Two and Three of this Superseding Indictment.

### Substitute Assets Provision

16. If any of the above-described forfeitable property, as a result of any act or omission of LUDWIG CRISS ZELAYA ROMERO, MARIO GUILLERMO MEJIA VARGAS, JUAN MANUEL AVILA MEZA, CARLOS JOSE ZAVALA VELASQUEZ, VICTOR OSWALDO LOPEZ FLORES, and JORGE ALFREDO CRUZ CHAVEZ, the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

    (Title 21, United States Code, Sections 853 & 970; and Title 28, United States Code, Section 2461(c).)

*/s/ D. Moulton 6/29/16*
FOREPERSON

*/s/ Preet Bharara*
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

LUDWIG CRISS ZELAYA ROMERO,
MARIO GUILLERMO MEJIA VARGAS,
JUAN MANUEL AVILA MEZA,
CARLOS JOSE ZAVALA VELASQUEZ,
VICTOR OSWALDO LOPEZ FLORES, and
JORGE ALFREDO CRUZ CHAVEZ,

Defendants.

## SUPERSEDING INDICTMENT

S1 15 Cr. 174 (LGS)

(21 U.S.C. §§ 959(c) & 963; and
18 U.S.C. §§ 924, 3238, 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____ Foreperson.

6/29/16  Filed Superseding Indictment w/arrant issued
                                        Cott, USMJ